IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES LEE BROWN,<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN TIMOTHY JOHNSON, *et al.*,<br><br>          Defendants. | No. 5:20-cv-00245-TES-CHW |

## ORDER

Plaintiff James Lee Brown, a prisoner in Riverbend Correctional Facility in Milledgeville, Georgia, has filed a complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has not, however, either paid the $400.00 filing fee or petitioned the Court to allow him to proceed *in forma pauperis* in this action.

It is therefore **ORDERED** that Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to either submit the required $400.00 filing fee or file a motion to proceed *in forma pauperis* along with a certified copy of his trust fund account statement for the last six months. Failure to fully and timely comply with this order may result in the dismissal of this action.

Plaintiff has also filed a motion for appointment of counsel. Mot. for Appointment of Counsel, ECF No. 4. In that motion, Plaintiff asserts that he is inexperienced with the law and needs guidance to understand the Court's forms. *Id.* There is no constitutional right to appointment of counsel in a civil action. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, appointment of counsel in such a case is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.

1982). In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of the plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

At this early stage of the proceeding, before a preliminary review has been conducted, Plaintiff has not demonstrated that the legal issues in this case are novel or complex, that the facts of the case are unusual, or that exceptional circumstances otherwise warrant the appointment of counsel in this case. Plaintiff's lack of experience with conducting a legal case is not an exceptional circumstance, and Plaintiff should try his best to follow any instructions from the Court. At this time, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice to Plaintiff's right to renew the motion at a later time if he can show that the appointment of counsel is warranted.

Plaintiff has also filed a motion asking the Court to provide him with a form to allow him to request surveillance footage from the prison to support his case. Mot. Requesting Film, ECF No. 5. The Court does not have a particular form for submitting such a request. Furthermore, this request is essentially a request for discovery of evidence from the defendants, which is premature at this time.

After the filing fee issue addressed above is resolved, Plaintiff's complaint will undergo a preliminary review, in which the Court will determine which, if any, of Plaintiff's claims will go forward for further factual development. The discovery period will not commence until after the Court has had the opportunity to conduct the preliminary review. At that point, Plaintiff will need to seek discovery directly from any defendants remaining in this action. Only if he is unable to obtain properly sought discovery should he seek the Court's intervention. *See* Fed. R. Civ. P. 37 (setting forth procedures for

seeking Court intervention if a party fails to cooperate with proper discovery requests). Thus, Plaintiff's motion is **DENIED**.

The Clerk of Court is **DIRECTED** to forward a blank motion to proceed without prepayment of fees, along with the appropriate account certification form and a copy of this order (all showing the civil action number) to Plaintiff. There shall be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 30th day of July, 2020.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge